IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID K. FICKES,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF SANTA CLARA,<br>CAPTAIN TOBY K. WONG,<br>EDWARD C. FORBES, AND "DOES 1-7,"<br><br>    Defendants. | No. C 08-2418 TEH (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK<br><br>(Docket No. 2) |

## INTRODUCTION

Plaintiff, a prisoner at the Santa Clara County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983 alleging that "Doe 1", a classification officer at the jail, acted with deliberate indifference to his safety by placing a violent and unstable inmate into a multi-person jail dorm, when he should have been in single cell "special management" housing unit. Plaintiff has also filed a motion seeking to proceed in forma pauperis (docket no. 2). The motion is now GRANTED in a separate order filed simultaneously. In this order, the Court reviews Plaintiff's complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## BACKGROUND

Plaintiff alleges that "Doe 1," a classifications officer at the jail, placed a violent and unstable inmate into a multi-person dorm notwithstanding his

awareness that this individual had already assaulted another inmate. About an hour after the inmate was placed in the unit, Plaintiff was assaulted and suffered serious injuries, including a shattered orbital eye socket. Plaintiff also contends that the County, Flores and Wong are responsible as a result of their "failure to adequately manage, supervise and ensure [sic] compliance with their own policies as well as deliberate indifference to the dangers posed by the operating customs used at the jail."

Plaintiff has not provided the Court with sufficient information regarding the identity of the Doe Defendant for service of the complaint and his complaint fails to state a claim of a violation of his constitutional rights with regard to the other Defendants. Therefore, the complaint must be dismissed with leave to amend within thirty (30) days of the date of this order, as set forth below.

## DISCUSSION

### A.     Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See Farmer v. Brennan, 511 U.S. 825, 835-36 & n.4 (1994); Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990) (gross negligence insufficient to state claim for denial of medical needs to prisoner).

B.   Legal Claims

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. Farmer v. Brennan, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. Id. at 833; Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005); Hoptowit v. Ray, 682 F.2d 1237, 1250 (9th Cir. 1982); Gillespie v. Civiletti, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety. Farmer, 511 U.S. at 834; Hearns, 413 F.3d at 1040-41. Plaintiff's complaint is sufficient to state a claim of deliberate indifferent to his safety against Defendant "Doe 1." However, Plaintiff has not provided sufficient information for this Defendant to be served.

Federal Rule of Civil Procedure 4(m) contemplates that service of process normally will be accomplished within four months of the filing of the complaint. Although the Court can have the United States Marshal serve process on a named defendant, it is Plaintiff's responsibility to provide a name and current address for each Defendant to be served. Plaintiff therefore must provide identifying information and a current address for Defendant "Doe 1" so that this Defendant can be served with process. Plaintiff must provide to the Court no later thirty

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

days from the date of this order a name and current service address for Defendant "Doe 1". If Plaintiff does not provide such an address, this Defendant will be dismissed without prejudice from this action. See Fed. R. Civ. P. 4(m); Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994).

With regard to the other named Defendants, the action cannot proceed here because Plaintiff has not provided the Court with the information necessary to determine whether a cognizable claim for relief has been stated against any specific named Defendant. A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. Hutchinson v. United States, 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc).

In his amended complaint, Plaintiff must establish legal liability of each named Defendant for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Leer, 844 F.2d at 634.

Plaintiff names as Defendants the County of Santa Clara, Captain Toby Wong, Main Jail Commander, and Edward C. Forbes, Chief of Correction, supervisory officials of the jail. With regard to the supervisory employees named, Plaintiff should be mindful that a supervisor may be liable under § 1983 only upon a showing of (1) personal involvement in the constitutional deprivation

4

or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff's inclusion of Wong and Forbes on the apparent basis that they are liable under a respondeat superior theory is insufficient.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  Nor may Santa Clara County be held vicariously liable for the unconstitutional acts of its employees under the theory of respondeat superior. Monell v. Dep't of Social Servs., 436 U.S. 658, 690 (1978) (rejecting concept of respondeat superior liability in § 1983 context and requiring individual liability for constitutional violation).  To impose municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. See Plumeau v. School Dist. #40 County of Yamhill, 130 F.3d 432, 438 (9th Cir. 1997).

As alleged, the complaint fails to state a claim against these Defendants. Accordingly, the complaint is DISMISSED WITH LEAVE TO AMEND. Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as

indicated above. Plaintiff shall file an amended complaint which complies with this order within thirty (30) days from the date of this order. The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page. Failure to amend within the designated time will result in the dismissal of the complaint without prejudice. The Clerk shall provide Plaintiff with a copy of the Court's prisoner civil rights complaint form along with this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981). Defendants not named in an amended complaint are no longer defendants. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  10/14/08

THELTON E. HENDERSON
United States District Judge