1

2

3

4

5

6

7

8                      IN THE UNITED STATES DISTRICT COURT

9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  DAVID K. FICKES,                    No. C-08-2418 TEH (PR)

12            Plaintiff,

13       v.

14  COUNTY OF SANTA CLARA, CAPT. TOBY   ORDER OF SERVICE
    K. WONG, EDWARD C. FORBES, et.
15  al.,

16            Defendants.

17  _____/

18

19                           I

20       Plaintiff, a prisoner presently incarcerated at Pleasant

21  Valley State Prison in Coalinga, California, has filed a pro se

22  civil rights First Amended Complaint under 42 U.S.C. section 1983

23  alleging that officials at the Santa Clara County Jail acted with

24  deliberate indifference to his safety while he was incarcerated

25  there.  Specifically, Plaintiff alleges that Santa Clara County Jail

26  Classification Officer Lyd (Badge #2019) placed a violent and

27  unstable inmate into a multi-person jail dormitory despite the

28  officer's awareness that the inmate already had assaulted another

United States District Court
For the Northern District of California

inmate rather than placing the inmate in a single cell "special management" housing unit.  About an hour after the violent and unstable inmate was placed in the unit with other inmates, Plaintiff was assaulted and suffered major, permanent injuries, including a shattered orbital eye socket.  Plaintiff further alleges that several other jail officers knew of the risk posed by the violent and unstable inmate but deliberately ignored the threat and failed to take any action to protect Plaintiff.  Plaintiff seeks damages.

## II

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  Id. § 1915A(b).  Pleadings filed by pro se litigants, however, must be liberally construed.  Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. section 1983, a plaintiff must allege two essential elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

//

2

III

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 832 (1994).  In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  <u>Id.</u> at 833; <u>Hearns v. Terhune</u>, 413 F.3d 1036, 1040 (9th Cir. 2005); <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1250 (9th Cir. 1982); <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 & n.3 (9th Cir. 1980). The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment only when two requirements are met:  (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate safety.  <u>Farmer</u>, 511 U.S. at 834; <u>Hearns</u>, 413 F.3d at 1040-41.

Here, Plaintiff alleges that Santa Clara County Jail Classification Officer Lyd (Badge #2019) placed a violent and unstable inmate into a multi-person dorm notwithstanding the officer's awareness that this individual had already assaulted another inmate.  Plaintiff further alleges that Lyd and several other officers knew of the risk posed by the assaultive inmate but deliberately ignored the risk and failed to take any actions to protect Plaintiff.  As a result of the officers' deliberate indifference to Plaintiff's safety, he was rendered unconscious and suffered major, permanent injuries after being attacked by the violent and unstable inmate.  Liberally construed, these allegations

3

appear to state a cognizable section 1983 claim for an Eighth Amendment violation and Santa Clara County Jail Sergeant Csabanyi (Badge #1594), and Officers Lyd (Badge #2019), Gilbert (Badge #2331), Sarabia (Badge #2450), Diaz (Badge #2084) and Cardoza (Badge #2542) will be served.

IV

For the foregoing reasons and for good cause shown:

1.   The Clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the First Amended Complaint in this matter, all attachments thereto, and copies of this Order on Santa Clara County Jail Sergeant Csabanyi (Badge #1594), and Officers Lyd (Badge #2019), Gilbert (Badge #2331), Sarabia (Badge #2450), Diaz (Badge #2084) and Cardoza (Badge #2542).   The Clerk also shall serve a copy of this Order on Plaintiff.

2.   In order to expedite the resolution of this case, the Court orders as follows:

a.   No later than 90 days from the date of this Order, Defendants shall file a Motion for Summary Judgment or other dispositive motion.  A Motion for Summary Judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If Defendants are of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, they shall

4

so inform the Court prior to the date his motion is due.  All papers filed with the Court shall be served promptly on Plaintiff.

b.   Plaintiff's Opposition to the dispositive motion shall be filed with the Court and served upon Defendants no later than 30 days after Defendants serve Plaintiff with the motion.

c.   Plaintiff is advised that a Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact - that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your Complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

1    Plaintiff also is advised that a Motion to Dismiss for

2  failure to exhaust administrative remedies under 42 U.S.C. section

3  1997e(a) will, if granted, end your case, albeit without prejudice.

4  You must "develop a record" and present it in your opposition in

5  order to dispute any "factual record" presented by the Defendants in

6  their Motion to Dismiss.   Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14

7  (9th Cir. 2003).

8    d.   Defendants shall file a reply brief within 15

9  days of the date on which Plaintiff serves them with the opposition.

10    e.   The motion shall be deemed submitted as of the

11  date the reply brief is due.   No hearing will be held on the motion

12  unless the Court so orders at a later date.

13    3.   Discovery may be taken in accordance with the Federal

14  Rules of Civil Procedure.   No further court order is required before

15  the parties may conduct discovery.

16    4.   All communications by Plaintiff with the Court must

17  be served on Defendants, or Defendants' counsel once counsel has

18  been designated, by mailing a true copy of the document to

19  Defendants or Defendants' counsel.

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27

28                                        6

5.   It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court and all parties informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED      *May 5, 2009*                    _____
                                            THELTON E. HENDERSON
                                            United States District Judge

G:\PRO-SE\TEH\CR.08\Fickes-08-2418.order of service.wpd

7